**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EVA R. BATES,

        Plaintiff,

v.                                                    Case No. 2:06-CV-12393

WELLS FARGO BANK,

        Defendant.

_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT AND DENYING
AS MOOT ALL PENDING MOTIONS**

      Pending before the court are Defendant's "Motion for Summary Judgment" and

Plaintiff Eva R. Bates's "Motion to Claim and Exercise Rights Secured and Guaranteed

by the Constitution for the United States of America," "Motion to Demand Trial By Jury,"

"Motion to Demand the Court Read All Motions and Pleadings and Rule Based Only in

Case Law and Constitutional Law," and "Application for a Preliminary Injunction."  The

court has reviewed the briefs and determined that no hearing is required.  *See* E.D.

Mich. LR 7.1(e)(2).  For the reasons stated below, the court will dismiss Plaintiff's

complaint and deny as moot the motions pending in the case.

**I.  BACKGROUND**

      On April 24, 1999, Plaintiff executed a note with TMS Mortgage Inc. d/b/a The

Money Store ("TMS") for the payment of $202,500.00 for a loan she received.  (Note,

Def.'s Mot. at Ex. A.)  To secure the note, Plaintiff and her husband, John Cunningham,

gave a mortgage on real property owned in fee simple by Plaintiff located at 11775

Grames, Milan, Michigan 48160.  (Mortgage, *Id*. at Ex. B.)  The note and mortgage were

assigned to Defendant Wells Fargo Bank and recorded with the Monroe County

Register of Deeds on November 30, 2004.  (Assignment of Mortgage, *Id.* at Ex. C.)

　　　Plaintiff and her husband defaulted on their loan and Defendant began

foreclosure proceedings by advertisement in a local paper for four consecutive weeks,

beginning on October 21, 2004 and ending the week of November 11, 2004.  (*Id.* at 2-3,

Compl. at ¶ 1.)  On October 23, 2004, a notice of sale was posted in a conspicuous

place upon the premises.  (Def.'s Mot. at 3.)  The sale was held December 9, 2004, at

which time Defendant purchased the Sheriff's Deed for $193,036.23, subject to a

twelve-month redemption period.  (Sheriff's Deed, *Id.* at Ex. D.)  The deed was recorded

with the Monroe Register of Deeds on January 25, 2005.  Plaintiff failed to redeem the

property during the statutory redemption period, which expired January 25, 2006,

however she continues to allege a possessor interest in the property and continues to

live in the property.

　　　The lawsuit before the court is the fourth one brought by Plaintiff arising out of

the foreclosure of her home.  Previously, Plaintiff filed a lawsuit on April 8, 2005 in

Monroe County Circuit Court against HOMEQ Servicing Corporation, the corporation

acting to service the Note and Mortgage on behalf of Defendant, for fraud and non-

disclosure related to the note, which the state court dismissed on March 10, 2006.

(Def.'s Mot. at Exs. E and F.)

　　　Second, Plaintiff filed suit on March 17, 2006 in the United States District Court

for the Eastern District of Michigan, and the case was assigned to the Honorable

George Caram Steeh.  (*Id*. at Ex. G.)   This "Complaint for Constitutional Injury,

Conspiracy, Knowledge and Neglect to Prevent a United States Constitutional Wrong"

2

was brought against HOMEQ, Marc Jerabek, Fabrizio & Brook, P.C., and the Honorable Michael W. LaBeau (Monroe County Circuit Court Judge).  (*Id.*)  On March 30, 2006, Judge Steeh issued an "Order of Dismissal" pursuant to the *Rooker-Feldman* doctrine. (*Id*. at Ex. H.)

Defendant subsequently brought an action against Plaintiff in the First Judicial District Court of Michigan, requesting "Summary Disposition" to obtain a judgment for possession of the premises.  (Wells Fargo Bank's Mot. For Summary Disposition, Def.'s Mot. at Ex. K.)  The court found that Defendant had a right to possession and ordered Plaintiff to move or face eviction if she did not move by May 30, 2006.  (First Dist. Ct. Judgment, *Id*. at Ex. L.)

Plaintiff has returned to federal court to bring suit against Defendant.  Her four count complaint alleges that: 1) "the Michigan Statute of Foreclosure by Advertisement . . . allowing the granting of a trust deed to one at a Sheriff's sale, violates Plaintiff's Right to Due Process of Law and Equal Protection of Law and Equal Protection of the Law;' 2) "the Defendant carried out the Foreclosure, despite the fact that there were a number of disputed law issues as to whether . . . Plaintiff had in fact defaulted on her mortgage," in violation of the Fair Debt Collection Practices Act (FDCPA) and the 5th and 14th Amendments to the Constitution of the United States; 3) "the Defendant has violated the 'Common Law Usury Doctrine,' and committed breach of contract fraud, by charging interest rates that supersede both the substantive and remedial provisions of Michigan Usury Laws, and created a Federal remedy under 12 U.S.C. §§ 85 and 86, by creating a loan out of thin air, tendering nothing of value and charging Plaintiff interest rates that are usurious and criminal;" and 4) Defendant did not tender lawful money for Plaintiff's

3

note, which created an "ultra vires" contract, for which it would be a violation of the 5th and 14th Amendments to enforce.  (*See* Compl. at 3-4.)  Since the complaint, Plaintiff has filed four motions: a "Motion to Claim and Exercise Rights Secured and Guaranteed by the Constitution for the United States of America," "Motion to Demand Trial By Jury," "Motion to Demand the Court Read All Motions and Pleadings and Rule Based Only in Case Law and Constitutional Law," and "Application for a Preliminary Injunction."  On June 15, 2006, Defendant filed a "Motion for Summary Judgment, asserting that all of the issues raised in Plaintiff's suit have already been adjudicated and her claims are without merit.  (Def.'s Mot. at 1-11.)

## II.  DISCUSSION

### A.  Res Judicata

Defendant claims that Plaintiff's suit against Defendant is barred by *res judicata* because Plaintiff "continues to raise the same allegations and theories as those raised in the previous cases" she has filed.  (*Id*. at 10.)  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Migra*, 465 U.S. at 77 n.1.  Under the doctrine of claim preclusion, also known as *res judicata*, subsequent legal action is barred if: (1) the prior action was decided on the merits; (2) the issues raised in the second case either were resolved in the first case or, through reasonable diligence, might have been raised and resolved in the first case; and (3) both actions involved the same parties or their privies.  *See Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257-58 (6th Cir. 1993).

4

The First District Court issued a "possession judgment" in Defendant's suit against Plaintiff on the issues arising from Plaintiff's default on her mortgage loan and the subsequent foreclosure.  Not only could the issues brought before this court have been brought in the state court, they were required to be brought in a responsive pleading there if she wished to maintain the claims against Defendant.  If Plaintiff was unhappy with the result, she had the right to appeal in state court by May 30, 2006, as explained in the text of the First District Court's judgment.  (First Dist. Ct. Judgment, Def.'s Mot. at Ex. L.)  Therefore, as in Plaintiff's action against HOMEQ, she is essentially asking this court to review the decision of the state court to allow the foreclosure instead of taking the appropriate measures to appeal the judgment in state court.

Even though Defendant's motion requested summary judgment, this court is empowered to dismiss Plaintiff's complaint because "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, *or no longer open to discussion*."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (emphasis added).  Because these issues already were or could have been raised in state court, they are no longer open to discussion and the court will therefore dismiss Plaintiff's complaint.  As a result of dismissal, Defendant's "Motion for Summary Judgment" and Plaintiff's four motions are denied as moot.[1]

---

[1]Additionally, the court finds that the *Rooker-Feldman* doctrine also precludes Plaintiff's claims.  This doctrine "stands for the simple . . . proposition that lower federal

5

**B. Plaintiff's Pending Motions**

Even if the court were to decide the merits of Plaintiff's motions, the court would deny them.  First, Plaintiff's "Motion to Demand Trial By Jury" is assumed to be a jury demand, pursuant to Federal Rule of Civil Procedure 38(b), and is an unneccessary motion as Plaintiff need only have served the demand in writing within the text of her pleading or within ten days of service of the last pleading.

Plaintiff's remaining motions would be denied because they seek no recognizable relief.  Plaintiff's "Motion to Claim and Exercise Rights Secured and Guaranteed by the Constitution for the United States of America" asks generally that she be allowed to claim and exercise her Constitutional rights.  Plaintiff's "Motion to Demand the Court Read All Motions and Pleadings and Rule Based Only in Case Law and Constitutional Law" asks that all of her motions and pleadings be carefully considered.   The court is already bound to uphold the Constitution and is bound by the doctrine of *stare decisis* to rule based on controlling case law.  In addition, Plaintiff's "Application for a Preliminary Injunction" are unintelligible and the court cannot discern any request for recognizable relief.  Furthermore, Plaintiff's concerns relating to how district courts are created

---

courts do not have the jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) (quoting *Gottfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998)).  In a concurring opinion, Judge Marshall explained that "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

appears to relate more to a political issue rather than a judicial issue.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's Complaint [Dkt. #1] is DISMISSED in its entirety.

IT IS ORDERED that Defendant's "Motion for Summary Judgment" [Dkt. #8] is DENIED AS MOOT.

IT IS ORDERED that Plaintiff's "Motion to Claim and Exercise Rights Secured and Guaranteed by the Constitution for the United States of America," "Motion to Demand Trial By Jury," "Motion to Demand the Court Read All Motions and Pleadings and Rule Based Only in Case Law and Constitutional Law," and "Application for a Preliminary Injunction." " [Dkt. ## 3, 4, 5, 7] are DENIED AS MOOT.

　　　　　　　　　　　　 S/Robert H. Cleland
　　　　　　　　　　　　ROBERT H. CLELAND
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE


Dated:  July 31, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　 S/Lisa Wagner
　　　　　　　　　　　　Case Manager and Deputy Clerk
　　　　　　　　　　　　(313) 234-5522




S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-12393.BATES.Dismissal.wpd